**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In Re:  AVON ANTI-AGING SKINCARE CREAMS AND PRODUCTS MARKETING AND SALES PRACTICES LITIGATION : : : | Case No.:  1:13-CV-00150-JPO ECF Case Judge J. Paul Oetken |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
### AVON PRODUCTS, INC. TO THE CONSOLIDATED COMPLAINT

Defendant Avon Products, Inc. ("Avon") hereby files its Answer and Affirmative Defenses to the Consolidated Complaint ("Complaint").

### <u>INTRODUCTORY STATEMENT</u>

Over the course of its 127 years in business, Avon has built a well-deserved reputation for selling quality products.  Avon's $100 million state-of-the art research facility in Suffern, NY conducts or oversees extensive scientific testing that substantiates Avon's advertising claims for its products, including the ANEW line.  Moreover, Avon's products are backed by a 100% satisfaction guarantee.  The ultimate test of whether a beauty product is working, however, is the reaction of individual consumers.  Millions of Avon customers have been so satisfied with their ANEW purchases that they have returned to make further purchases of ANEW products.  Many of those customers have given unsolicited positive reviews for ANEW products they purchased. For the small minority of ANEW customers who were not 100% satisfied with their purchase and asked for their money back, Avon has returned their money.  The four plaintiffs here—who

claim they were dissatisfied with their ANEW purchases but have not taken advantage of the guarantee—do not represent the overwhelming majority of ANEW customers.

## <u>SUMMARY OF THE ACTION</u>

1.     Avon admits that Plaintiffs purport to bring this action as representatives of a putative class, but denies that any such class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 1 of the Complaint.

2.     Avon denies each and every allegation in paragraph 2 of the Complaint.

3.     Avon admits that Plaintiffs purport to bring this action as representatives of a putative class, but denies that any such class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 3 of the Complaint.

4.     Avon denies each and every allegation in paragraph 4 of the Complaint.

5.     Avon denies each and every allegation in paragraph 5 of the Complaint.

6.     Avon denies each and every allegation in paragraph 6 of the Complaint.

7.     Avon denies each and every allegation in paragraph 7 of the Complaint.

8.     Avon admits that Plaintiffs purport to bring this action as representatives of a putative class, but denies that any such class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.      Avon admits that Plaintiffs meet the requirements for 28 U.S.C. § 1332(d)(2), but denies that any such class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 9 of the Complaint.

10.      Avon admits the allegations in paragraph 10 of the Complaint.

11.      Avon admits that venue lies within this judicial district.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 11 of the Complaint.

## PARTIES

12.      Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and, on that basis, denies each and every such allegation.

13.      Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and, on that basis, denies each and every such allegation.

14.      Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and, on that basis, denies each and every such allegation.

15.      Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and, on that basis, denies each and every such allegation.

16.      Avon admits the allegations in paragraph 16 of the Complaint.

17.      Paragraph 17 contains no factual assertions to which a response is required.  To the extent that paragraph 17 may be deemed to require a response, any such allegations in paragraph 17 are denied.

## FACTUAL BACKGROUND

18.     Avon admits that it is one of the world's largest direct-selling companies of cosmetics.  Except as expressly admitted, Avon denies the allegations in paragraph 18 of the Complaint.

19.     Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and, on that basis, denies each and every such allegation.

20.     Avon denies each and every allegation in paragraph 20 of the Complaint.

21.     Avon admits that, in the United States, Avon products may be sold through Avon Independent Sales Representatives and on Avon's website, www.avon.com.  Avon further admits that some of its Independent Sales Representatives utilize Avon's catalogs to sell Avon's products.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 21 of the Complaint.

22.     Avon admits that its ANEW product claims are supported by scientific research. Avon further admits that at certain times, it has stated that its claims regarding certain ANEW products are supported by clinical studies or consumer perception studies.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 22 of the Complaint.

23.     Avon denies each and every allegation in paragraph 23 of the Complaint.

24.     Avon admits that its ANEW product claims are supported by scientific research and that it conducts "in-vitro testing" as a component of that scientific research.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 24 of the Complaint.

25.     Avon admits that "in-vitro" is Latin for "in glass," and that "in-vitro" tests are conducted in a laboratory.  Avon denies the remaining allegations in paragraph 25 of the Complaint.

26.     Avon denies each and every allegation in paragraph 26 of the Complaint.

27.     Avon denies each and every allegation in paragraph 27 of the Complaint.

28.     Avon denies that its ANEW products are intended to have drug-like efficacy. Avon lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint and, on that basis, denies each and every such allegation.

29.     Avon admits the allegations in paragraph 29 of the Complaint.

30.     Avon admits that its ANEW product claims are supported by scientific research, tests, and studies.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 30 of the Complaint.

31.     Avon admits that it sells several lines of products under the ANEW brand, including "ANEW Reversalist," "ANEW Platinum," "ANEW Clinical," and "ANEW Genics." Because the alleged claims quoted in paragraph 31 of the Complaint are not sufficiently identified, Avon lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the Complaint and, on that basis, denies each and every such allegation.

32.     Avon admits that its ANEW product claims are supported by scientific research. Avon further admits that it has made statements at certain times that certain Avon products are

designed to "[boost] collagen production," "recreate fresh skin," "restore cell shape," or "fortify damaged tissue."  Except as expressly admitted, Avon denies the remaining allegations in paragraph 32 of the Complaint.

33.    Avon admits that its ANEW product claims are supported by "exhaustive research, testing & review," and that it conducts "in-vitro tests on 3D reconstructed skin" and "clinical" studies as part of this research.  Avon further admits that many of its ANEW products involve "unprecedented discover[ies]."  Except as expressly admitted, Avon denies the remaining allegations in paragraph 33 of the Complaint.

34.    Avon denies each and every allegation in paragraph 34 of the Complaint.

35.    Avon denies each and every allegation in paragraph 35 of the Complaint.

36.    Avon admits that its ANEW product claims are supported by scientific research. Except as expressly admitted, Avon denies the remaining allegations in paragraph 36 of the Complaint.

37.    Avon admits that certain of its ANEW products contain the patented "A-F33 Molecule."  Avon further admits that, at certain times, it has made the following statements concerning the "Anew Clinical Pro Line Eraser Treatment": "The anti-aging breakthrough of the decade"; "turns off collagen blocking to help turn up collagen production" and "[d]eep wrinkles begin to fade".  Avon lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 of the Complaint, as well as each and every remaining allegation contained in footnote one to paragraph 37 of the Complaint, and on that basis, denies each and every such allegation.

38.     Because the alleged advertisements reproduced at paragraph 31 of the Complaint are not sufficiently identified, Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and, on that basis, denies each and every such allegation.

39.     Avon denies each and every allegation in paragraph 39 of the Complaint.

40.     Avon admits that it has sold products bearing the names "ANEW Genics Night Treatment Cream," "ANEW Genics Eye Treatment," and "ANEW Genics Treatment Concentrate" at certain times in certain geographic locations.  Avon further admits that YouthGen Technology is patented and that, at certain times, it has had marketing materials with the same or substantially similar language as that quoted in paragraph 40 of the Complaint, specifically that certain Avon products are designed to "stimulate Youth Gene activity"; "boost youth protein production"; help skin cells act younger; and help skin look up to ten years younger.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 40 of the Complaint.

41.     Avon denies each and every allegation in paragraph 41 of the Complaint.

42.     Because the alleged advertisement text quoted in paragraph 42 of the Complaint and the images reproduced at paragraph 42 of the Complaint are not sufficiently identified, Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint and, on that basis, denies each and every such allegation.

43.     Avon denies each and every allegation in paragraph 43 of the Complaint.

44.     Avon denies each and every allegation in paragraph 44 of the Complaint.

45.     Avon admits that it has made statements at certain times that "Activinol Technology helps reactive skin's repair process to recreate fresh skin"; that "Activin" is a "key to skin repair"; that certain ANEW products are "designed to boost Activin"; and that "ANEW's Activinol technology helps reactivate skin's repair process to recreate fresh skin and helps dramatically reverse visible wrinkles."  Except as expressly admitted, Avon denies the remaining allegations in paragraph 45 of the Complaint.

46.     Because the alleged advertisement reproduced at paragraph 46 of the Complaint is not sufficiently identified, Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and, on that basis, denies each and every such allegation.

47.     Because the alleged advertisement reproduced at paragraph 47 of the Complaint is not sufficiently identified, Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and, on that basis, denies each and every such allegation.

48.     Avon denies each and every allegation in paragraph 48 of the Complaint.

49.     Avon denies each and every allegation in paragraph 49 of the Complaint.

50.     Avon admits that certain of its ANEW Genics products were launched in 2011. Avon further admits that YouthGen Technology is patented, and that at certain times, Avon made statements that certain ANEW products are "your anti-aging miracle", designed to "stimulate Youth Gene activity" or designed to "boost youth protein production" and help skin

look up to ten years younger.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 50 of the Complaint.

51.     Avon admits that, at certain times, Avon made statements that "some women never seem to age" and "Avon has discovered you have a youth gene too."  Because the alleged advertisement reproduced at paragraph 51 of the Complaint is not sufficiently identified, Avon lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 of the Complaint and, on that basis, denies each and every such allegation.

52.     Avon admits that, at certain times, Avon made statements that certain ANEW Genics products "can undo 5 years from the look of your skin" or help "any woman" appear 5 or up to 10 years younger.  Avon further admits that YouthGen Technology is patented.  Because the alleged advertisement reproduced at paragraph 52 of the Complaint is not sufficiently identified, Avon lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 of the Complaint and, on that basis, denies each and every such allegation.

53.     Avon denies each and every allegation in paragraph 53 of the Complaint.

54.     Avon denies each and every allegation in paragraph 54 of the Complaint.

55.     Avon admits that Paxillium technology is patented and that, at certain times, it had marketing materials with the same or substantially similar language as that quoted in paragraph 55 of the Complaint, specifically that certain ANEW products were based on a "breakthrough so advanced, it reshapes anti-aging science," or that certain ANEW products could "dramatically reshape skin for a more youthful-looking profile" and were designed to

"boost the production of Paxillin by 60%" and "restore cell shape."  Because the alleged advertisements reproduced at paragraph 55 of the Complaint are not sufficiently identified, Avon lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 of the Complaint and, on that basis, denies each and every such allegation.

56.     Avon admits that, at certain times, it had marketing materials with the same or substantially similar language as that quoted in paragraph 56 of the Complaint, specifically that certain ANEW products "help combat sagging neck," help "deep wrinkles appear reduced," or help the "jawline and neckline look more sculpted."  Except as expressly admitted, Avon denies the remaining allegations in paragraph 56 of the Complaint.

57.     Because the alleged advertisements reproduced at paragraph 57 of the Complaint are not sufficiently identified, Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint and, on that basis, denies each and every such allegation.

58.     Avon denies each and every allegation in paragraph 58 of the Complaint.

59.     Avon admits that its ANEW product claims are supported by scientific research and that it conducts "clinical" and "consumer perception studies" as part of this research.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 59 of the Complaint.

60.     Avon admits that its ANEW product claims are supported by scientific research and that it conducts "clinical tests" and "consumer-perception studies" as part of this research. Except as expressly admitted, Avon denies the remaining allegations in paragraph 60 of the Complaint.

61.     Avon admits that, at certain times, it has stated with respect to certain ANEW products that "[o]ur effective lifting treatment is formulated to fortify damaged tissue with new collagen.  In just 3 days, see tighter, firmer, more lifted skin.*"  Except as expressly admitted, Avon denies the remaining allegations in paragraph 61 of the Complaint.

62.     Avon admits that certain advertisements for certain of its ANEW products published in certain media formats at certain times in certain geographic locations made claims that "87% of women felt a more youthful facial definition and shape was restored" and "77% of women felt their jawline and neck were sculpted."  Avon further admits that these claims were based on participants who expressed an opinion in a consumer perception study.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 62 of the Complaint.

63.     Avon denies each and every allegation in paragraph 63 of the Complaint.

64.     Avon denies each and every allegation in paragraph 64 of the Complaint.

65.     As of the Answer date, Avon admits that its website requires consumers to click a "Read More" link to see a full product description.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 65 of the Complaint.

66.     Avon denies each and every allegation in paragraph 66 of the Complaint.

67.     As of the Answer date, Avon denies that its website contains the text quoted in paragraph 67 of the Complaint.  Avon further denies the remaining allegations in paragraph 67 of the Complaint.

68.     Avon denies each and every allegation in paragraph 68 of the Complaint.

69.     Avon admits that it advertises its skincare products through various media.  Avon further admits that it uses celebrities in its ANEW advertising.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 69 of the Complaint.

70.     Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint and, on that basis, denies each and every such allegation.

71.     Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint and, on that basis, denies each and every such allegation.

72.     Because the images reproduced at paragraph 72 of the Complaint are not sufficiently identified, Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint and, on that basis, denies each and every such allegation.

73.     Because the images reproduced at paragraph 73 of the Complaint are not sufficiently identified, Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint and, on that basis, denies each and every such allegation.

74.     Avon denies each and every allegation in paragraph 74 of the Complaint.

75.     Avon denies each and every allegation in paragraph 75 of the Complaint.

76.     Avon admits that its ANEW product claims are supported by scientific research and that many of its ANEW products contain unique ingredients.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 76 of the Complaint.

77.     Avon denies each and every allegation in paragraph 77 of the Complaint.

78.     Avon admits that its ANEW product claims are supported by scientific research and that it conducts "in-vitro" tests, clinical studies, and consumer perception studies as part of this research.   Avon denies the remaining allegations in paragraph 78 of the Complaint.

79.     Avon denies each and every allegation in paragraph 79 of the Complaint.

80.     Avon denies each and every allegation in paragraph 80 of the Complaint.

81.     Avon denies each and every allegation in paragraph 81 of the Complaint.

82.     Avon denies each and every allegation in paragraph 82 of the Complaint.

83.     Avon denies each and every allegation in paragraph 83 of the Complaint.

84.     Avon denies each and every allegation in paragraph 84 of the Complaint.

85.     Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that Plaintiffs have suffered any harm, or that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 85 of the Complaint.

86.     Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint and, on that basis, denies each and every such allegation.

87.     Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that Plaintiffs have suffered any harm, or that any class should be certified or is

appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 87 of the Complaint.

88.     Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that Plaintiffs have suffered any harm, or that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 88 of the Complaint.

89.     Avon denies each and every allegation in paragraph 89 of the Complaint.

90.     Avon admits that it advertises its ANEW products in a variety of media formats. Except as expressly admitted, Avon denies the remaining allegations in paragraph 90 of the Complaint.

91.     Avon denies each and every allegation in paragraph 91 of the Complaint.

92.     Avon denies each and every allegation in paragraph 92 of the Complaint.

93.     Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint and, on that basis, denies each and every such allegation.

94.     Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint and, on that basis, denies each and every such allegation.

95.     Avon expressly denies making any false or misleading statements.  Avon lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 95 of the Complaint and, on that basis, denies each and every such allegation.

96.     Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint and, on that basis, denies each and every such allegation.

97.     Avon expressly denies making any false or misleading statements.  Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint and, on that basis, denies each and every such allegation.

98.     Avon expressly denies making any false or misleading statements.  Avon lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 98 of the Complaint and, on that basis, denies each and every such allegation.

99.     Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint and, on that basis, denies each and every such allegation.

100.    Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint and, on that basis, denies each and every such allegation.

101.    Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint and, on that basis, denies each and every such allegation.

102.    Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint and, on that basis, denies each and every such allegation.

103.    Avon expressly denies making any false or misleading statements.  Avon lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 103 of the Complaint and, on that basis, denies each and every such allegation.

104.     Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint and, on that basis, denies each and every such allegation.

105.     Avon expressly denies making any false or misleading statements.  Avon lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 105 of the Complaint and, on that basis, denies each and every such allegation.

106.     Avon expressly denies making any false or misleading statements.  Avon lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 106 of the Complaint and, on that basis, denies each and every such allegation.

107.     Avon expressly denies making any false or misleading statements.  Avon lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 107 of the Complaint and, on that basis, denies each and every such allegation.

108.     Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Complaint and, on that basis, denies each and every such allegation.

109.     Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint and, on that basis, denies each and every such allegation.

110.     Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Complaint and, on that basis, denies each and every such allegation.

111.     Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint and, on that basis, denies each and every such allegation.

112.    Avon expressly denies making any false or misleading representations.  Avon lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 112 of the Complaint and, on that basis, denies each and every such allegation.

113.    Avon expressly denies making any misrepresentations.  Avon lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 113 of the Complaint and, on that basis, denies each and every such allegation.

114.    Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Complaint and, on that basis, denies each and every such allegation.

115.    Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the Complaint and, on that basis, denies each and every such allegation.

116.    Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Complaint and, on that basis, denies each and every such allegation.

117.    Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint and, on that basis, denies each and every such allegation.

118.    Avon lacks information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the Complaint and, on that basis, denies each and every such allegation.

119.    Avon expressly denies making misrepresentations or failing to disclose the true nature of its products.  Avon lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 119 of the Complaint and, on that basis, denies each and every such allegation.

## CLASS ACTION ALLEGATIONS

120.    Avon admits that it has sold products in California, New York, and throughout the United States.  Avon further admits that Plaintiffs purport to bring claims under the Rule cited in paragraph 120 of the Complaint and purport to bring claims as representatives of a putative class, but denies that Plaintiffs have adequately pled a claim for relief, or that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 120 of the Complaint.

121.    Paragraph 121 of the Complaint contains no factual assertions to which a response is required.  To the extent that paragraph 121 of the Complaint may be deemed to require a response, any such allegations in paragraph 121 of the Complaint are denied.

122.    Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 122 of the Complaint.

123.    Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 123 of the Complaint.

124.    Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 124 of the Complaint.

125.     Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 125 of the Complaint.

126.     Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 126 of the Complaint.

127.     Avon admits that Plaintiffs purport to bring claims under the Rule cited in paragraph 127 of the Complaint and purport to bring claims as representatives of a putative class, but denies that Plaintiffs have adequately pled a claim for relief, or that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 127 of the Complaint.

128.     Avon admits that Plaintiffs purport to bring claims under the Rule cited in paragraph 128 of the Complaint and purport to bring claims as representatives of a putative class, but denies that Plaintiffs have adequately pled a claim for relief, or that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 128 of the Complaint.

129.     Avon admits that Plaintiffs purport to bring claims under the Rules cited in paragraph 129 of the Complaint and purport to bring claims as representatives of a putative class, but denies that Plaintiffs have adequately pled a claim for relief, or that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 129 of the Complaint.

130.    Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 130 of the Complaint.

131.    Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 131 of the Complaint.

132.    Avon admits that Plaintiffs purport to bring claims under the Rule cited in paragraph 132 of the Complaint and purport to bring claims as representatives of a putative class, but denies that Plaintiffs have adequately pled a claim for relief, or that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 132 of the Complaint.

133.    Avon admits that Plaintiffs purport to bring claims under the Rule cited in paragraph 133 of the Complaint and purport to bring claims as representatives of a putative class, but denies that Plaintiffs have adequately pled a claim for relief, or that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 133 of the Complaint.

134.    Avon admits that Plaintiffs purport to bring claims under the Rules cited in paragraph 134 of the Complaint and purport to bring claims as representatives of a putative class, but denies that Plaintiffs have adequately pled a claim for relief, or that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 134 of the Complaint.

135.     Avon admits that Plaintiffs purport to bring claims under the Rule cited in paragraph 135 of the Complaint and purport to bring claims as representatives of a putative class, but denies that Plaintiffs have adequately pled a claim for relief, or that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 135 of the Complaint.

136.     Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 136 of the Complaint.

## FIRST CAUSE OF ACTION

137.     Avon hereby incorporates paragraphs 1-136 above as though set forth fully herein.

138.     Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 138 of the Complaint.

139.     Avon denies each and every allegation in paragraph 139 of the Complaint.

140.     Avon denies each and every allegation in paragraph 140 of the Complaint.

141.     Avon denies each and every allegation in paragraph 141 of the Complaint.

142.     Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 142 of the Complaint.

**SECOND CAUSE OF ACTION**

143.     Avon hereby incorporates paragraphs 1-142 above as though set forth fully herein.

144.     Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 144 of the Complaint.

145.     Avon denies each and every allegation in paragraph 145 of the Complaint.

146.     Avon denies each and every allegation in paragraph 146 of the Complaint.

147.     Avon denies each and every allegation in paragraph 147 of the Complaint.

148.     Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 148 of the Complaint.

**THIRD CAUSE OF ACTION**

149.     Avon hereby incorporates paragraphs 1-148 above as though set forth fully herein.

150.     Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 150 of the Complaint.

151.     Avon admits that Plaintiffs purport to bring claims under the statutes cited in paragraph 151 of the Complaint and purport to bring claims as representatives of a putative class,

but denies that Plaintiffs have adequately pled a claim for relief under any statute, or that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 151 of the Complaint.

152.    Avon denies each and every allegation in paragraph 152 of the Complaint.

153.    Avon denies each and every allegation in paragraph 153 of the Complaint.

154.    Avon denies each and every allegation in paragraph 154 of the Complaint.

155.    Avon admits that it received a letter from Plaintiff Trujillo's counsel on October 25, 2012.  Avon further admits that the letter from Plaintiff Trujillo's counsel purported to notify Avon of violations of Cal. Civ. Code § 1770.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 155 of the Complaint.

156.    Avon admits that it received a letter from Plaintiff Quintana's counsel on November 29, 2012.  Avon further admits that the letter from Plaintiff Quintana's counsel purported to notify Avon of violations of Cal. Civ. Code § 1770.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 156 of the Complaint.

157.    Avon admits that Plaintiffs purport to bring this action pursuant to the statutes cited in paragraph 157 of the Complaint and as representatives of a putative class, but denies that any claim has been made under the cited statutes.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 157 of the Complaint.

158.    Avon admits the allegations in paragraph 158 of the Complaint.

159.     Avon admits that Plaintiffs purport to bring this action pursuant to the statutes cited in paragraph 159 of the Complaint and seek the relief specified, but denies that any claim has been made under the cited statutes.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 159 of the Complaint.

160.     Avon denies each and every allegation in paragraph 160 of the Complaint.

161.     Avon denies each and every allegation in paragraph 161 of the Complaint.

## FOURTH CAUSE OF ACTION

162.     Avon hereby incorporates paragraphs 1-161 above as though set forth fully herein.

163.     Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 163 of the Complaint.

164.     Avon admits that Cal. Bus. & Prof. Code § 17200 contains the words "any unlawful, unfair, or fraudulent business act or practice."  Except as expressly admitted, Avon denies the remaining allegations in paragraph 164 of the Complaint.

165.     Avon denies each and every allegation in paragraph 165 of the Complaint.

166.     Avon denies each and every allegation in paragraph 166 of the Complaint.

167.     Avon denies each and every allegation in paragraph 167 of the Complaint.

168.    Avon admits that, under Cal. Bus. & Prof. Code § 17200, "unfair competition" includes "any unlawful, unfair or fraudulent business act or practice."  Avon denies the remaining allegations in paragraph 168 of the Complaint.

169.    Avon denies each and every allegation in paragraph 169 of the Complaint.

170.    Avon denies each and every allegation in paragraph 170 of the Complaint.

171.    Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 171 of the Complaint.

172.    Avon denies each and every allegation in paragraph 172 of the Complaint.

173.    Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 173 of the Complaint.

174.    Avon admits that Plaintiffs purport to bring claims under the statutes cited in paragraph 174 of the Complaint and seek the relief specified, but denies that Plaintiffs have adequately pled a claim for relief under any statute, or that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 174 of the Complaint.

## FIFTH CAUSE OF ACTION

175.    Avon hereby incorporates paragraphs 1-174 above as though set forth fully herein.

176.    Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 176 of the Complaint.

177.    Avon denies each and every allegation in paragraph 177 of the Complaint.

178.    Avon denies each and every allegation in paragraph 178 of the Complaint.

179.    Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 179 of the Complaint.

180.    Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 180 of the Complaint.

181.    Avon denies each and every allegation in paragraph 181 of the Complaint.

182.    Avon denies each and every allegation in paragraph 182 of the Complaint.

183.    Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 183 of the Complaint.

184.    Avon denies each and every allegation in paragraph 184 of the Complaint.

185.    Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 185 of the Complaint.

## SIXTH CAUSE OF ACTION

186.     Avon hereby incorporates paragraphs 1-185 above as though set forth fully herein.

187.     Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 187 of the Complaint.

188.     Avon denies each and every allegation in paragraph 188 of the Complaint.

189.     Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 189 of the Complaint.

190.     Avon denies each and every allegation in paragraph 190 of the Complaint.

191.     Avon denies each and every allegation in paragraph 191 of the Complaint.

192.     Avon denies each and every allegation in paragraph 192 of the Complaint.

## SEVENTH CAUSE OF ACTION

193.     Avon hereby incorporates paragraphs 1-192 above as though set forth fully herein.

194.     Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 194 of the Complaint.

195.     Avon denies each and every allegation in paragraph 195 of the Complaint.

196.    Avon denies each and every allegation in paragraph 196 of the Complaint.

197.    Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Avon lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 197 of the Complaint and, on that basis, denies each and every such allegation.

198.    Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Avon lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 198 of the Complaint and, on that basis, denies each and every such allegation.

199.    Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 199 of the Complaint.

## EIGHTH CAUSE OF ACTION

200.    Avon hereby incorporates paragraphs 1-199 above as though set forth fully herein.

201.    Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 201 of the Complaint.

202.    Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 202 of the Complaint.

203.     Avon denies each and every allegation in paragraph 203 of the Complaint.

204.     Avon admits that Plaintiffs purport to bring claims as representatives of a putative class, but denies that any class should be certified or is appropriate.  Except as expressly admitted, Avon denies the remaining allegations in paragraph 204 of the Complaint.

## PRAYER FOR RELIEF

AS TO PLAINTIFFS' PRAYER FOR RELIEF, Avon denies that Plaintiffs are entitled to any of the relief sought under any of the claims asserted in the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, Avon asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

1.     The Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiffs' claims—the existence of which Defendant expressly denies—are barred, in whole or in part, because Plaintiffs have not pleaded their allegations of "fraudulent" or "deceptive" conduct with particularity as required by Fed. R. Civ. Proc. 9(b).

## THIRD AFFIRMATIVE DEFENSE

3.     Plaintiffs cannot recover on their causes of action—the existence of which Defendant expressly denies—because all advertisements, packaging and labeling with respect to

the products at issue constitute protected speech under the applicable provisions of the Constitutions of the States, including, but not limited to, California, New York, and the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE

4.     To the extent Plaintiffs purport to assert causes of action under California or New York law based on national television advertising of the products at issue, Plaintiffs cannot recover on the causes of action by reason of the Commerce Clause of the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

5.     Avon contends that this lawsuit should not proceed as a class action on the grounds that, inter alia: the named Plaintiffs lack standing to represent the purported class; the purported class is not ascertainable; the named Plaintiffs are not typical of, and do not and cannot fairly and adequately represent, the purported class; common questions do not predominate; and a class action will not be superior to other methods available for the adjudication of this controversy.

## SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiffs' claims—the existence of which Defendant expressly denies—are barred, in whole or in part, because the Complaint fails to state any claim that may be maintained as a class action.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiffs' claims—the existence of which Defendant expressly denies—are barred in whole or in part by the applicable statutes of limitations, including, but not limited to,

Cal. Bus. & Prof. Code § 17208; Cal. Civ. Code § 1783; Cal. Civ. Code § 337; Cal. U.C.C. §§ 2607(3)(a), 2725(1), and 2725(2); N.Y. C.P.L.R. § 214; N.Y. U.C.C. § 2-725; and similar statutes under the laws of California, New York, and other states.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiffs' claims—the existence of which Defendant expressly denies—are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, ratification and/or consent.

### NINTH AFFIRMATIVE DEFENSE

9.      Plaintiffs' claims for equitable relief—the existence of which Defendant expressly denies—are barred because Plaintiffs have an adequate remedy at law.

### TENTH AFFIRMATIVE DEFENSE

10.      Plaintiffs are not entitled to injunctive relief because Avon has ceased making many of the statements contained in the Complaint—all of which, Defendant maintains, were neither false nor misleading—and there is no reasonable probability that Avon will repeat the statements in the future.

### ELEVENTH AFFIRMATIVE DEFENSE

11.      Plaintiffs are barred from claiming injury or damages—the existence and extent of which Defendant expressly denies—because they failed to make reasonable efforts to mitigate such injury or damages, which would have prevented or reduced their injury or damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

12.      Avon was under no duty to disclose any of the purported information that Plaintiffs allege was not disclosed.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Factors other than allegedly untrue statements of material fact, omissions of material fact, misleading statements or other alleged actions by Avon caused some or all of the harm or damages alleged by Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiffs' claims—the existence of which Defendant expressly denies—are barred, in whole or in part, because Plaintiffs' claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiffs' claims—the existence of which Defendant expressly denies—are barred, in whole or in part, because Plaintiffs have suffered no injury or damage as a result of the matters alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiffs' claims—the existence of which Defendant expressly denies—are barred, in whole or in part, because any and all injuries and damages alleged in the Complaint— the existence and extent of which Defendant expressly denies—were caused by the independent conduct of one or more persons and/or entities over whom Defendant had no control and for whose actions/omissions Defendant is not responsible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiffs' claims—the existence of which Defendant expressly denies—are barred by the voluntary payment doctrine, under which they cannot recover payments voluntarily made with full knowledge of the facts.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiffs received all or substantially all of the benefit from the products at issue that they bargained for when they purchased them, and to that extent any damages and/or restitution that they might be entitled to recover must be correspondingly reduced.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiffs' claims—the existence of which Defendant expressly denies—may be barred in whole or in part by misuse and/or abuse, alteration and/or modification, or substantial change of the product at issue here by persons or entities over which the Defendants had no control, which misuse/abuse, alteration/modification, or substantial change may have been the sole and proximate cause of the damages, if any, which Plaintiffs are alleged to have suffered.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiffs' claims—the existence of which Defendant expressly denies—and/or the recovery of all or certain claimed damages by Plaintiffs—the existence and extent of which Defendant expressly denies—may be precluded by disclaimers, limitations of liability, and/or other language or terms set forth in invoices, receipts, delivery tickets, or other documents provided to users of the product.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Defendant alleges that any statements allegedly made by any of the Defendants and/or their agents were made only as statements of opinion, and not as representations of fact.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiffs' claims—the existence of which Defendant expressly denies—are barred, in whole or in part, because Plaintiffs have not suffered any injury in fact, nor have they

lost any money or property as a result of the unfair competition they allege and which Avon denies.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Any finding of liability under California Bus. and Prof. Code §§ 17200, 17203 and 17204 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and of Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiffs' claims—the existence of which Defendant expressly denies—are barred, in whole or in part, because other principles of law stand as an absolute barrier to those claims in this case.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiffs cannot recover on one or more of their causes of action—the existence of which Defendant expressly denies—because they had actual knowledge of the true condition of the products they bought before they agreed to buy them.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiffs cannot recover on one or more of their causes of action—the existence of which Defendant expressly denies—because California does not recognize unjust enrichment as a freestanding cause of action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Plaintiffs' claims—the existence of which Defendant expressly denies—are barred, in whole or in part, by the doctrine of federal preemption including, but not limited to, preemption by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 *et seq*.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Plaintiffs' claims—the existence of which Defendant expressly denies—are barred, in whole or in part, by the doctrine of primary jurisdiction.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Plaintiffs' claims—the existence of which Defendant expressly denies—are barred, in whole or in part, because Plaintiffs did not actually rely on any statement or omission, and they are not entitled to rely on any presumption of reliance.

### THIRTIETH AFFIRMATIVE DEFENSE

30.     Plaintiffs' claims for restitution—the existence of which Defendant expressly denies—are barred to the extent that Plaintiffs did not pay money directly to Defendant, and/or Plaintiffs seek a return of monies not in Defendant's possession.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Plaintiffs cannot recover on one or more of their causes of action—the existence of which Defendant expressly denies—because Plaintiffs failed to notify Avon of any breach of warranty within a reasonable time after Plaintiffs knew or should have known of any purported defect—the existence of which Defendant expressly denies.

## <u>THIRTY-SECOND AFFIRMATIVE DEFENSE</u>

32.     Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 17200, *et seq.*—the existence of which Defendant expressly denies—are barred, in whole or in part, because the business practices Plaintiffs have challenged are permitted by law.

## <u>DEFENDANT'S PRAYER FOR RELIEF</u>

WHEREFORE, Defendant prays as follows:

1.     That Plaintiffs take nothing by way of the Complaint, and the action be dismissed with prejudice;

2.     That judgment be entered in favor of Defendant and against Plaintiffs with respect to all causes of action in the Complaint;

3.     That the Court award Defendant its attorneys' fees and all other costs, plus interest, reasonably incurred in defense of this action; and

4.     That the Court award such other relief that it deems just and proper.

Dated:  July 8, 2013

Respectfully submitted,

KAYE SCHOLER LLP

By:   /s/ Aton Arbisser
     Aton Arbisser
     Lori Leskin
Attorneys for Avon Products, Inc

1999 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone: (310) 788-1015
Email: Aton.Arbisser@kayescholer.com

425 Park Avenue
New York, NY 10022

Telephone: (212) 836-8541
Email: lori.leskin@kayescholer.com