JAN 24 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: AVON ANTI-AGING SKINCARE CREAMS AND PRODUCTS MARKETING AND SALES PRACTICES LITIGATION* | Case No.: 1:13-cv-00150-JPO<br><br>ECF Case |

## PROTECTIVE ORDER

Disclosure and discovery activity in this proceeding may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted. Accordingly, pursuant to the Joint Motion for Entry of Protective Order submitted by the parties, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby orders as follows:

1. <u>Scope of this Order.</u>

(a) This Protective Order shall govern all documents and information produced or disclosed during this litigation, including all copies, excerpts, summaries or compilations thereof, whether revealed in a document, whether produced electronically or in hard copy, deposition, other testimony, discovery response or otherwise, by any party to these proceedings (the "Supplying Party") to any other party (the "Receiving Party"). This Protective Order is binding upon the parties to this litigation, including their respective parents, subsidiaries, affiliates, employees, representatives, agents and attorneys ("party" or "parties") and others as set forth in this Order.

(b) This Protective Order and the protections hereunder shall be automatically applicable to all documents and information produced by third parties from whom discovery is

1

sought in this action. Any third party who either voluntarily or under subpoena produces documents or information, or whose deposition is taken, may designate the documents, information and testimony as "Confidential" or "Confidential-Restricted" in accordance with the provisions of this Protective Order and all such designated documents, information and testimony shall be treated hereunder as Confidential Information and the protections and penalties of this Protective Order shall inure thereto. In addition, any party to the litigation may designate documents, information and testimony produced by any third party as "Confidential" or "Confidential-Restricted" in accordance with the provisions of this Protective Order and all such designated documents, information and testimony shall be treated hereunder as Confidential Information and the protections and penalties of this Protective Order shall inure thereto.

2. <u>Definitions</u>.

(a) "Confidential Information" as used herein means any type of document or information which is designated pursuant to this order as "Confidential" or "Confidential-Restricted" by the Supplying Party, whether it be a document, tangible thing, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. Confidential Information includes information or documentation that the Supplying Party believes in good faith constitutes, reflects, discloses or contains information subject to protection under Federal Rule of Civil Procedure 26(c) or other applicable law, including but not limited to information (i) the release or disclosure of which to persons other than the disclosing party could cause commercial, competitive, or financial harm to the disclosing party, (ii) which is proprietary and/or confidential to the disclosing party and would not be available to the receiving party but for its disclosure in this litigation; and/or (iii)

would disclose the party's private financial information, private competitive information, trade secrets, confidential scientific information, or personal information which a party deems confidential.

Confidential Information includes, but is not necessarily limited to, proprietary and/or confidential information relating to cost and expense information, revenues, sales, prices, profit information, contracts, commercial arrangements, business agreements, business procedures, medical records and medical bills.

(b) If a party to the litigation believes that particular Confidential Information should be treated with greater confidentiality than the protections afforded to Confidential Information designated as "Confidential" by the supplying party under the terms of this Protective Order, a party may designate particular documents or information as "Confidential–Restricted." "Confidential-Restricted" as used herein includes information or documentation the release or disclosure of which likely would result in commercial, competitive or financial harm to the disclosing party. When designating information as "Confidential" or "Confidential-Restricted," the supplying or designating party will make such designation only as to that information that it in good faith believes to be confidential.

3. <u>Marking of Documents</u>. Specific documents and discovery responses produced by the Supplying Party shall, if appropriate, be designated as "Confidential" or "Confidential-Restricted" by marking each page thereof as follows:

CONFIDENTIAL or CONFIDENTIAL-RESTRICTED.

Except as provided in paragraph 4, documents that do not bear the foregoing designation are not Confidential as that term is used in this Order.

4. To the extent that matter stored or recorded in the form of electronic magnetic

media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks or tapes) ("Electronic Media") is produced by any party in such form, the Supplying Party may designate such Electronic Media as Confidential or Confidential-Restricted by cover letter referring generally to such Electronic Media. Whenever a party to whom Electronic Media designated as Confidential or Confidential-Restricted is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the appropriate Confidential or Confidential-Restricted designation.

5. In order to protect against unauthorized disclosure of Confidential Information, and to comply with all applicable state and federal laws and regulations, the Supplying Party may redact from produced documents, materials or other things, or portions thereof,

    a. The social security or tax identification numbers, credit card or account payment information, and other personal identification information, defined to include home address, email address, telephone number and social security number, of employees, customers, independent sales representatives, consultants, advisors, study participants and other individuals;

    b. Highly confidential trade secrets such as those related to the formulation of Avon's products, except that Avon shall not redact the percentage amounts of key ingredients[1] in the Anew Products; and

    c. Any information relating only to products other than those at issue in this litigation, except that information relating to common key ingredients in products other than those at issue in this litigation shall not be redacted.

---

[1] "Key ingredients" is defined as any ingredient that Avon claims affects the product's efficacy for purposes of the Plaintiffs' challenge (*e.g.*, wrinkle reduction).

4

6. <u>Depositions</u>. Information disclosed at a deposition or any similar proceeding taken in connection with this case may be designated as Confidential Information by the supplying party or a party to the litigation by indicating on the record at the deposition that the testimony is "Confidential" or "Confidential-Restricted" and subject to the provisions of this Order. The supplying party or a party to the litigation may also designate information disclosed at a deposition as Confidential Information by notifying all parties to the litigation in writing, within thirty (30) days of receipt of the final deposition transcript, of specific pages and lines of the transcript which are designated as "Confidential" or as "Confidential-Restricted." All depositions shall be treated as Confidential until receipt of the designation or until expiration of the period to designate, unless the information in the transcript is otherwise designated prior to that time. A supplying party may designate a response to a question posed at a deposition as "Confidential-Restricted" before answering the question or during the course of answering the question. In such a case, upon request of the supplying party, representatives of the receiving party who are not entitled to have access to such information shall absent themselves from the deposition.

7. <u>Limitations on Disclosure</u>. Documents and information that have been designated as "Confidential" may not be disclosed to any person or entity other than the following:

(a) Counsel who are members of the bar of one of the United States and who have been retained by any party to assist in this litigation, and the stenographic, paralegal or clerical employees with whom such attorneys work in connection with this litigation;

(b) Parties to the litigation, which includes employees involved in assisting with the prosecution or defense of this litigation;

(c) Vendors retained by any party to perform imaging or computerized legal support

5

and management services, and court reporters and copy service vendors, but only insofar as necessary to permit them to perform their support service and only insofar as the vendors have agreed to the terms of this Protective Order;

(d) Experts or consultants hired in conjunction with this litigation, subject to the provisions of paragraph 8;

(e) The Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this lawsuit;

(f) Witnesses at a deposition who are described in the document as an author or recipient of the document or who are known by counsel to be an author or recipient of the document; provided, however, that Confidential Information shall not lose its Confidential or Confidential-Restricted status through such use.

(g) Any other person that the parties agree to in writing, or as the Court may direct by Order.

Documents and information that have been designated as "Confidential-Restricted" may not be disclosed to any person or entity other than those identified in subsection 5(a), (c), (d), (e) and (f) above.

8. Disclosure to Experts.

a. If a party wishes to disclose Confidential Information to an expert hired for the purpose of this litigation, the party seeking to disclose the Confidential Information shall, prior to disclosure, obtain the agreement of the expert to abide by the terms of, and his or her signature on a copy of, the Undertaking Regarding Protective Order in the form attached to this Protective Order.

b. Before disclosing Confidential or Confidential-Restricted Information to any

person pursuant to paragraph 7.d, the party seeking to make the disclosure shall: (i) ensure that the disclosure is limited to information necessary for the task or assignment; (ii) instruct the person receiving the Confidential or Confidential-Restricted Information to take all steps necessary to maintain such information in a protected and secure manner; (iii) ensure that the Confidential or Confidential-Restricted Information is returned to the Supplying Party following the conclusion of this litigation; and (iv) inform the person receiving the Confidential or Confidential-Restricted Information that he or she may be subject to contempt or other legal proceedings for a violation of this Protective Order. Moreover, the parties to this Protective Order, cognizant of Defendant's business competition concerns, while also being mindful of the realities and practicalities of litigation, agree to the following protocol:

(a) Plaintiffs' counsel will retain each Undertaking Regarding Protective Order, the form attached to the is Protective Order, executed by consulting or testifying experts and their associated personnel through this litigation and for a period of eighteen months thereafter;

(b) At any time during or within the eighteen months subsequent to this litigation Defendant has a good faith basis to believe that Confidential Information or Confidential-Restricted Information produced in this litigation is being used outside the context of this litigation, Defendant may approach Plaintiffs' counsel with the name(s) of one or more people it suspects of disseminating or otherwise using such information and ask Plaintiffs' counsel whether that person or those people were retained by Plaintiffs in this litigation and executed the attached Undertaking Regarding Protective Order;

(c) Should Plaintiffs' Counsel respond "no," then that ends the inquiry;

(d) Should Plaintiffs' Counsel respond "yes," Plaintiffs' Counsel would be obligated to tender that person's Undertaking Regarding Protective Order to Defendant.

Defendant may then pursue contempt or other proceedings of its choosing against the alleged violator of this Protective Order.

9. <u>Limitations on Use</u>. Persons having knowledge of Confidential Information by virtue of their participation in the conduct of this litigation shall use that Confidential Information only for the purpose of this proceeding, and shall neither use nor disclose such Confidential Information to any other person for any other purpose. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the Confidential Information consents in writing to such disclosure, or if the Court, after reasonable notice to all affected parties, orders such disclosure.

10. <u>Security</u>. With respect to all Confidential Information produced which is subject to the terms of this Order, counsel shall take reasonable and appropriate steps for its security and limit access only to those persons listed in paragraphs 7 of this Order to whom it is necessary to disclose Confidential Information for the purpose of assisting in the preparation and trial of this lawsuit.

11. <u>Inadvertent Disclosure</u>. The inadvertent disclosure by the supplying party of Confidential Information shall not be deemed a waiver in whole or in party of a party's claim of confidentiality, either as to the specific information or the specific document disclosed or as to any other information relating thereto or on the same or related subject matter. The supplying party may give written notice to the receiving party or parties that the document, thing or other discovery information, response or testimony is Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such notice, and upon receipt of properly marked documents, the receiving party or parties shall return said unmarked documents and things and not retain copies thereof, must treat such documents, things,

information, responses and testimony as Confidential Information and shall undertake a best effort to correct any disclosure of such information contrary to the redesignation. Disclosure of such documents, things, information, responses and testimony prior to receipt of such notice to persons not authorized to receive Confidential Information shall not be deemed a violation of this Protective Order.

12. <u>Change in Status</u>. Any party who has designated a document or information as "Confidential" or "Confidential-Restricted" pursuant to this Order may remove the document or information from the scope of this Order by notifying all other counsel in writing of its desire to do so.

13. <u>Dispute Over Designation</u>. If a party disputes the designation of a document as "Confidential" or "Confidential-Restricted," or disputes the redaction of any information pursuant to paragraph 5 above, that party shall, in writing and prior to seeking redress from the Court, inform the Supplying Party (and any other parties to this lawsuit) of the dispute by setting forth each document and related designation that forms the basis of the dispute; the reason(s) the party believes each designation is erroneous and why each should be changed and what the party believes is the proper designation for each document. The designating party shall respond in writing within seven (7) days. If the dispute has not been resolved by these written letters, the party objecting to the designation shall be required to follow the procedures set forth in Section II(B) of the Standing Order for the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York (the "Pilot Project Standing Order") for a ruling disapproving the propriety of the designation. If the objecting party fails to petition the Court for such a ruling within seven (7) days of the responsive letter, the document shall be entitled to the level of protection originally given to it by the designating party.

14. <u>Use in Court Filings</u>. Pursuant to Paragraph 5(A) of the Court's Individual Practices in Civil Cases, any party wishing to file in redacted form any pleading, motion, memorandum, exhibit, or other document, or any portion thereof, shall make a specific request to the Court by letter explaining the reasons for seeking to file that submission under seal. The party shall attach to its letter: (1) one full set of the relevant document(s) in highlighted form (i.e., with the words, phrases, or paragraphs to be redacted highlighted), and (2) one partial, looseleaf set of solely those pages on which the party seeks to redact material. Upon receiving these documents, the Court will individually review the proposed redactions. Chambers will file under seal the unredacted pages for which the Court has approved redactions, and the party shall then file the redacted version of the document(s) on ECF.

15. <u>Status when used in Proceedings</u>. If Confidential Information is used during depositions, in the trial of this case or during any appeal taken therefrom, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.

16. <u>Admissibility at Trial</u>. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.

17. <u>Disposition after Trial</u>. Upon the conclusion of this litigation, all Confidential Information, and any and all copies thereof, shall be returned within sixty (60) days to counsel for the appropriate party, or in lieu of returning such Confidential Information, the party in possession of the Confidential Information may destroy it and provide prompt written notice to the appropriate parties of its destruction. However counsel may retain all copies of all pleadings, motions, transcripts, or exhibits, one copy or sample of all material designated Confidential Information for reference in the event of disputes over the use or disclosure of such information

(which copy or sample shall be retained exclusively in the possession of one of the individuals described in paragraph 5(a) hereof), and may retain documents, things, copies and samples to the extent they include or reflect receiving attorney's work product. All retained materials shall remain subject to the terms of this Order and may not thereafter be shared with any party except those permitted under this Order. Any person or entity having custody or control of any Confidential Information shall deliver to counsel for the appropriate party an affidavit certifying that all such Confidential Information, any copies thereof, and any and all records, notes, memoranda, summaries or other writings regarding the Confidential Information (except for attorney work product as stated above), have been delivered or destroyed in accordance with the terms of this Protective Order. Insofar as this Order restricts the use and disclosure of Confidential Information, this Order shall continue to be binding after the conclusion of this litigation.

18. <u>No Waiver</u>. A party is not obligated to challenge the propriety of a designation of Confidential Information at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If any party to this litigation disagrees at any stage of these proceedings with the designation by the supplying party of any information or document as Confidential Information, the parties shall try first to resolve such dispute in accordance with the provisions of Paragraph 11 of this Order. This Order shall be without prejudice to either party to bring before the Court at any time the question of whether any particular information or document is or is not in fact Confidential Information; upon such hearing the party objecting to the designation of Confidential Information shall have the burden of establishing that it has been improperly designated.

19. <u>Advice to Clients</u>. Nothing in this Order shall bar or otherwise restrict any attorney

herein from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying in a general way upon his or her examination of Confidential Information produced or exchanged herein; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of or the source of any Confidential Information if such disclosure would be contrary to the terms of this Order.

20. <u>Violation of Order</u>. Intentional violation of this Order shall be considered an act in contempt of this Court, subject to appropriate sanction as the Court deems just. If Confidential Information is disclosed to or comes into the possession of any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

21. <u>Other Limitations</u>. Nothing contained in this Protective Order shall be construed to affect or govern the scope of discovery in this action, or to preclude any party from moving the Court for a further order pursuant to Rule 26(c), or any other provision of the Federal Rules of Civil Procedure. Nothing contained in this Protective Order shall be construed to require production or disclosure of any Confidential Information deemed by counsel for the party possessing such information to be protected from disclosure by the attorney-client privilege or the attorney work-product immunity or of information the disclosure of which might constitute a breach of an agreement with a third party. This Protective Order shall not preclude any party from moving the Court for an order compelling production or disclosure of such information.

22. <u>Extension of Time</u>. Any time limit contemplated by this Protective Order may be

extended by an agreement in writing, signed by counsel of record for all parties.

23. <u>Injunctive Relief</u>. Because a violation of this Protective Order could cause irreparable injury to the producing party, and there may be no adequate remedy at law for such violation, the parties shall have the right, in addition to any other remedies available to them at law or in equity, to seek to enjoin any other person, entity, or party from any intentional violation of this Protective Order.

Dated: Jan. 24, 2014

J. Paul Oetken
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: AVON ANTI-AGING SKINCARE CREAMS AND PRODUCTS MARKETING AND SALES PRACTICES LITIGATION* | Case No.: 1:13-cv-00150-JPO<br><br>ECF Case |

1. My name is _____. I live at _____. I am employed as (state position) _____ by (state name and address of employer) _____.

2. I have read the Protective Order that has been entered in the above-captioned case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions. I hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Order. I agree that I shall not disclose "**CONFIDENTIAL**" material or information or "**CONFIDENTIAL-RESTRICTED**" material or information to anyone other than persons permitted to have access to such material or information pursuant to the terms and restrictions of the Order. I further agree that, upon termination of this action, I shall return all "**CONFIDENTIAL**" material or information or "**CONFIDENTIAL-RESTRICTED**" material or information provided to me, including all copies and excerpts thereof, pursuant to the terms of the Order.

3. I declare under penalty of perjury that the foregoing is true and correct.

_____
[Name]