

Lori B. Leskin
+1 212 836 8541 office
lori.leskin@kayescholer.com

250 West 55th Street
New York, NY 10019-9710
+1 212 836 8000 main
+1 212 836 6441 fax

August 5, 2015

The Honorable J. Paul Oetken
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2101
New York, NY  10007-1312

Re:   *In re Avon Anti-Aging Skincare Creams & Prods.*
      *Mtkg. & Sales Practices Litig.*, No. 13-cv-150-JPO

Dear Judge Oetken:

We write in response to plaintiffs' Notice of Supplemental Authority regarding *Mullins v. Direct Digital, LLC*, No. 15-1776 (7th Cir. July 28, 2015).  In *Mullins*, the Seventh Circuit decided to "stick" with its "weak version of ascertainability" and rejected the standard adopted by the Third and Eleventh Circuits.  Slip op. at 3, 6.  *Mullins* does not change the Second Circuit's standard for ascertainability – that class members must be "readily identifiable" – which Avon relied upon in its briefing.  *See* Mem. in Opp. to Class Certif. (ECF No. 155) ("Class Opp.") at 32–35.

While identification of class members may not bear on ascertainability in the Seventh Circuit, even *Mullins* recognizes that problems identifying class members can impact other Rule 23 requirements, including manageability.  Slip op. at 33–34; *see also Weiner v. Snapple Bev. Corp.*, 2010 WL 3119452 (S.D.N.Y. Aug. 5, 2010).  Plaintiffs' plan for identifying class members in this case creates individualized inquiries.  *See, e.g.*, Class Opp. at 22–24 (plan of plaintiffs' expert); 35–36 (predominance); *id.* at 44–45 (manageability); *see also* Mem. in Opp. to Mot. to Strike (ECF No. 180) at 24–25 (resolving whether plaintiff Quintana actually purchased a class product highlights individualized nature of inquiry).

As for the *Mullins* court's discussion of commonality, also referenced in the Notice, it cannot be applied to this case.  The court's commonality finding was based on the *Mullins* plaintiffs' theory of liability, that defendant falsely advertised that it had "scientific support" for its efficacy claims, *not* that the product was "ineffective" for all class members.  By contrast, plaintiffs here are arguing that the ANEW Products "do not, and cannot perform as promised – for any consumer."  Pls. Mem. in Support of Class Certif. (ECF No. 129-1 at 1).

                                                      Respectfully submitted,

                                                      /s/ Lori B. Leskin

cc:  All Counsel (via ECF)