

Lori B. Leskin
+1 212 836 8541 office
lori.leskin@kayescholer.com

250 West 55th Street
New York, NY 10019-9710
+1 212 836 8000 main
+1 212 836 6441 fax

March 8, 2016

**By ECF**

The Honorable J. Paul Oetken, U.S.D.J.
U.S. District Court, Thurgood Marshall Courthouse
40 Foley Square, Room 2101
New York, NY 10007-1312

    Re:  *In re Avon Anti-Aging Skincare Creams & Prods. Mktg.*
          *& Sales Practices Litig.*, No. 1:13-cv-00150-JPO

Dear Judge Oetken:

On behalf of Defendant Avon Products, Inc., we write in response to Plaintiffs' March 3 letter to the Court. While Avon agrees that a status conference is appropriate, we do so for reasons entirely different from those raised by plaintiffs.

Procedurally, this case has been included in the Pilot Project. (Standing Order, Dkt. 2.) Those rules contemplate that plaintiffs should set out in a letter what motions they want to bring and why those motions are appropriately considered at this time. Plaintiffs' March 3 letter fails to meet this requirement.

Plaintiffs claim to want an opportunity to "refine" their Class Definition, but provide no explanation as to how they propose to do so, or why their previous efforts to define a class were not sufficient. This Court denied certification of plaintiffs' proposed classes for fundamental defects that cannot be addressed by merely "refining" the class definition. The order nowhere suggested that it was "without prejudice," as plaintiffs assert in their letter. Plaintiffs point to no unexpected new facts or law that justifies another shot at class certification.

Alternatively, plaintiffs assert that this Court has lost subject matter jurisdiction under the Class Action Fairness Act ("CAFA") because the case is "no longer a class action." The Second Circuit recognizes that subject matter jurisdiction is determined at the outset of a litigation (*see, e.g.*, *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001)), but has not addressed the specific question of whether a federal court retains subject matter jurisdiction under CAFA after denial of class certification. The Courts of Appeals that have addressed the issue have universally held

Chicago   Los Angeles   Shanghai
Frankfurt   New York   Washington, DC
London   Palo Alto   West Palm Beach

that "general jurisdictional principles support the conclusion that federal jurisdiction continues following denial of class certification" once a federal court properly has jurisdiction under CAFA.[1] At least one court within this district has followed this reasoning. *Weiner v. Snapple Beverage Corp.*, 2011 WL 196930, *2 (S.D.N.Y. Jan. 21, 2011) ("[T]his Court retains jurisdiction over this case despite the denial of class certification.").

Plaintiffs have shown no interest in their individual claims. Indeed, plaintiffs represented to the Second Circuit that this Court's denial of class certification "effectively end[s] this class litigation." (Plaintiffs' Petition for Leave to Appeal at 1.) And now, rather than moving forward with their individual claims, plaintiffs want to revisit class certification or end this case without ever addressing them in this forum. Because the Court has already ruled on the class certification issue, all that is left in this case are plaintiffs' individual claims. Accordingly, we respectfully suggest that at the status conference the Court set a schedule for resolving plaintiffs' individual claims, so that this case can move quickly to judgment.

We look forward to working with the Court to fully resolve this case.

                                              Respectfully submitted,

                                              /s/ Lori B. Leskin

cc: All counsel via ECF

---

[1] *Metz v. Unizan Bank*, 649 F.3d 492, 500–01 (6th Cir. 2011); *see also Buetow v. A.L.S. Enters.*, 650 F.3d 1178, 1182 (8th Cir. 2011); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009).